**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4540**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

HERBER ALEXSANDER GONZALES-ESCOBAR,

               Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. N. Carlton Tilley, Jr., Senior District Judge. (1:13-cr-00346-NCT-1)

Submitted: July 23, 2015         Decided: July 27, 2015

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Diane K. Jones McVay, JONES MCVAY LAW FIRM, PLLC, Dallas, Texas for Appellant. Frank Joseph Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Herber Gonzales-Escobar appeals his conviction and twenty-three-month sentence following his guilty plea to theft of government property and aggravated identity theft, in violation of 18 U.S.C. §§ 641, 1028A (2012). Gonzales-Escobar's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning whether the district court erred in denying his request for a downward variance and whether counsel was ineffective. Gonzales-Escobar was advised of his right to file a pro se supplemental brief but did not file one. We affirm.

We review Gonzales-Escobar's sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). This requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. We first assess whether the district court properly calculated the advisory Guidelines range, considered the factors set forth at 18 U.S.C. § 3553(a) (2012), analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 49-51. If we find no procedural error, we review the sentence for substantive reasonableness, "tak[ing] into account the totality of the circumstances." Id. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d

2

295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." Id.

Gonzales-Escobar requested a downward variance based on several mitigating circumstances, including his difficult upbringing, an overstated criminal history, and his acceptance of responsibility. The district court denied his request due to the seriousness of the offense. In light of the court's explanation for denying Gonzales-Escobar's variance request and its consideration of the relevant § 3553(a) factors, we conclude that the sentence was procedurally reasonable. Moreover, Gonzales-Escobar offers nothing to rebut the presumption of substantive reasonableness.

Gonzales-Escobar next asserts that counsel was ineffective for failing to request that he be placed in the Fast Track program for deportable aliens. We conclude that this claim is not cognizable on direct appeal because ineffectiveness does not conclusively appear on the face of the record. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008).

In accordance with Anders, we have reviewed the entire record in this case and found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform Gonzales-Escobar, in writing, of the

right to petition the Supreme Court of the United States for further review. If Gonzales-Escobar requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gonzales-Escobar. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>